IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT AKRON

| | |
|---|---|
| Matthew McGuire and Michael Cooper, | Case No. |
| Plaintiffs, | Judge |
| v. | Magistrate Judge |
| Schipper Group Limited; Waterford Village Apartments, Inc.; Waterford Village Apartments Limited Partnership; Brad Cvammen; Jeffrey L. Reed; David J. Schipper, | Jury Demand Endorsed Hereon |
| Defendants. | |

## COMPLAINT AND JURY DEMAND

1.     Plaintiffs Matthew McGuire and Michael Cooper bring this action against Defendants Schipper Group Limited, Waterford Village Apartments, Inc., Waterford Village Apartments Limited Partnership, Brad Cvammen, Jeffrey L. Reed, and David J. Schipper, ("Defendants"). Plaintiffs seek appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiffs with time-and-a-half overtime wages for hours worked in excess of 40 hours per week as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.     Upon information and belief, Defendant Brad Cvammen is and has been the President of Waterford Village Apartments Limited Partnership since approximately January 2020.

3.     Defendant Jeffrey L. Reed was the President of Waterford Village Apartments Limited Partnership until approximately January 2020.

4.     Upon information and belief, Defendant entities Waterford Village Apartments, Inc., Waterford Village Apartments Limited Partnership are wholly owned subsidiaries of Schipper Group Limited.

5.     Schipper Group Limited, Waterford Village Apartments, Inc., Waterford Village Apartments Limited Partnership are owned and operated by David J. Schipper.

6.     Defendants own, develop, manage and/or operate numerous properties throughout Northeastern Ohio.

7.     Plaintiffs currently work for Defendants as Maintenance Technicians at the Waterford Village Apartments complex.

8.     Defendants have employed Plaintiff Matthew McGuire since approximately December 2017.

9.     Defendants have employed Plaintiff Michael Cooper since approximately January 2019.

10.     Defendants repeatedly and willfully violated the Fair Labor Standards Act, O.R.C. § 4111.03, and O.R.C. § 4113.15 by failing to pay Plaintiffs wages for overtime hours worked.

11.     Defendants have been unjustly enriched at Plaintiffs' expense.

**Jurisdiction and Venue**

12.     Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiffs' FLSA claims.

2

13.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' Ohio law claims.

14.     Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendants reside in this district.

**Parties**

**Plaintiffs**

**Matthew McGuire**

15.     Plaintiff Matthew McGuire is a resident of Ohio.

16.     Plaintiff is an "employee" of all of the Defendants as defined in the FLSA and Ohio law.

17.     Plaintiff has given written consent to join this action.

**Michael Cooper**

18.     Plaintiff Michael Cooper is a resident of Ohio.

19.     Plaintiff is an "employee" of all of the Defendants as defined in the FLSA and Ohio law.

20.     Plaintiff has given written consent to join this action.

**Defendants**

21.     Waterford Village Apartments is owned and/or operated by a number of entities and individuals, each of whom employed Plaintiffs.

**The Defendant Entities**

3

22.    The Defendant Entities—Schipper Group Limited, Waterford Village Apartments, Inc., Waterford Village Apartments Limited Partnership—are corporations headquartered in and around Akron, Ohio and doing business in Ohio.

23.    Defendant Schipper Group Limited is an Ohio domestic for-profit corporation authorized to do business under the laws of Ohio, whose primary place of business are located in Akron, Ohio.

24.    Waterford Village Apartments, Inc. is an Ohio domestic for-profit corporation authorized to do business under the laws of Ohio, whose primary place of business are located in Akron, Ohio.

25.    Waterford Village Apartments Limited Partnership is an Ohio domestic for-profit corporation authorized to do business under the laws of Ohio, whose primary place of business are located in Akron, Ohio.

26.    The Defendant Entities were founded and are owned and/or operated by Defendants David J. Schipper, Jeffrey L. Reed, and Brad Cvammen.

27.    Upon information and belief, some of the Defendant Entities primarily function to operate as a single commercial real estate operation d/b/a The Schipper Group. For example, when Plaintiffs first inquired about overtime for maintenance work at the Waterford Village Apartments complex, the issue was handled by Brad Cvammen, a Vice Preseident at the Schipper Group. Further, upon information and belief, the Accounting Manager at the Schipper Group, Tami Pallota oversees payroll at Waterford Village Apartments Limited Partnership.

28.    Together, all of the Defendants make up The Schipper Group.

29.     The Schipper Group has the authority to and does hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and methods of pay, and/or maintain employee records.

30.     Defendants form a "single employer" as they are part of a single integrated enterprise and/or they are joint employers as they jointly operate the Waterford Village Apartment complex and maintain interrelated operations, centralized control of labor relations, common management, and common ownership and financial control. Because the work performed by Plaintiffs benefited all Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Plaintiffs under the FLSA's definition of "employer."

31.     Each of the Defendant Entities has substantial control over Plaintiffs and over the unlawful policies and practices alleged herein.

32.     Each of the Defendant Entities directly or indirectly controls the terms and conditions of Plaintiffs' work and the work of similarly situated employees.

33.     Each of the Defendant Entities maintains control, oversight, and direction over Plaintiffs, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

34.     Each of the Defendant Entities is an "employer" of Plaintiffs as that term is defined by the FLSA.

35.     Each of the Defendant Entities has been and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the phrase as used in the FLSA.

36.     Each of the Defendant Entities has gross revenue that exceeds $500,000 per year.

37.     Collectively, the Defendant Entities have gross revenue that exceeds $500,000 per year.

**Schipper Group Limited**

38.     Defendant Schipper Group Limited is a corporation headquartered in and around Akron, Ohio and doing business in Ohio.

39.     Defendant Schipper Group Limited is an Ohio domestic for-profit corporation authorized to do business under the laws of Ohio, whose primary place of business is located in Akron, Ohio.

40.     Defendant Schipper Group Limited was founded and is owned and/or operated by Defendant David J. Schipper.

41.     Defendant Schipper Group Limited has substantial control over Plaintiffs' working conditions and over the unlawful policies and practices alleged herein.

42.     Defendant Schipper Group Limited directly or indirectly controls the terms and conditions of Plaintiffs' work.

43.     Defendant Schipper Group Limited maintains control, oversight, and direction over Plaintiffs, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

44.     Defendant Schipper Group Limited is an "employer" of Plaintiffs as that term is defined by the FLSA.

45.     Defendant Schipper Group Limited has been and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the phrase as used in the FLSA.

46.    Defendant Schipper Group Limited has gross revenue that exceeds $500,000 per year.

**Waterford Village Apartments, Inc.**

47.    Defendant Waterford Village Apartments, Inc. is a corporation headquartered in and around Akron, Ohio and doing business in Ohio.

48.    Defendant Waterford Village Apartments, Inc. is an Ohio domestic for-profit corporation authorized to do business under the laws of Ohio, whose primary place of business is located in Akron, Ohio.

49.    Defendant Waterford Village Apartments, Inc. was founded and is owned and/or operated by Defendants David J. Schipper, Jeffry L. Reed, and Brad Cvammen.

50.    Defendant Waterford Village Apartments, Inc. has substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

51.    Defendant Waterford Village Apartments, Inc. directly or indirectly controls the terms and conditions of Plaintiffs' work.

52.    Defendant Waterford Village Apartments, Inc. maintains control, oversight, and direction over Plaintiffs, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

53.    Defendant Waterford Village Apartments, Inc. is an "employer" of Plaintiffs as that term is defined by the FLSA.

54.    Defendant Waterford Village Apartments, Inc. has been and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the phrase as used in the FLSA.

7

55.     Defendant Waterford Village Apartments, Inc. has gross revenue that exceeds $500,000 per year.

**Waterford Village Apartments Limited Partnership**

56.     Defendant Waterford Village Apartments Limited Partnership is a corporation headquartered in and around Akron, Ohio and doing business in Ohio.

57.     Defendant Waterford Village Apartments Limited Partnership is an Ohio domestic for-profit corporation authorized to do business under the laws of Ohio, whose primary place of business is located in Akron, Ohio.

58.     Defendant Waterford Village Apartments Limited Partnership was founded and is owned and/or operated by Defendants David J. Schipper, Jeffry L. Reed, and Brad Cvammen.

59.     Defendant Waterford Village Apartments Limited Partnership has substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

60.     Defendant Waterford Village Apartments Limited Partnership directly or indirectly controls the terms and conditions of Plaintiffs' work.

61.     Defendant Waterford Village Apartments Limited Partnership maintains control, oversight, and direction over Plaintiffs, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

62.     Tami Pallotta, Accounting Manager at Schipper Group Limited, oversees Waterford Village Apartments Limited Partnership's payroll.

63.     Defendant Waterford Village Apartments Limited Partnership is an "employer" of Plaintiffs as that term is defined by the FLSA.

8

64.     Defendant Waterford Village Apartments Limited Partnership has been and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the phrase as used in the FLSA.

65.     Defendant Waterford Village Apartments Limited Partnership has gross revenue that exceeds $500,000 per year.

**David J. Schipper**

66.     David J. Schipper is an owner of Schipper Group Limited.

67.     David J. Schipper is an owner of Waterford Village Apartments, Inc.

68.     David J. Schipper is an owner of Waterford Village Apartments Limited Partnership.

69.     David J. Schipper is the President of Schipper Group Limited.

70.     Upon information and belief, David J. Schipper is an officer of Waterford Village Apartments, Inc.

71.     Upon information and belief, David J. Schipper is an officer of Waterford Village Apartments Limited Partnership.

72.     David J. Schipper is individually liable to the Plaintiffs under the definitions of "employer" set forth in the FLSA and Ohio Law because he owns and operates Defendant Entities, serves as a president and owner of the Schipper Group, ultimately controls significant aspects of Defendant Entitiess' day-to-day functions, and ultimately controls compensation and reimbursement of employees.  29 U.S.C. § 203(d).

73.     At all relevant times, by virtue of his role as owner and president of the Schipper Group and owner of Defendant Entites, David J. Schipper has had financial control over the operations at each of the Defendant Entities.

74.     At all relevant times, by virtue of his role as owner and president of the Schipper Group and owner of Defendant Entites, David J. Schipper has a role in significant aspects of the Defendant Entities' day to day operations.

75.     At all relevant times, by virtue of his role as owner and president of the Schipper Group and owner of Defendant Entites, David J. Schipper has had control over Defendant Entities' pay policies.

76.     At all relevant times, by virtue of his role as owner and president of the Schipper Group and owner of Defendant Entites, David J. Schipper has had power over personnel and payroll decisions at the Defendant Entities, including but not limited to influence Maintenance Technician pay.

77.     At all relevant times, by virtue of his role as owner and president of the Schipper Group and owner of Defendant Entites, David J. Schipper has had the power to hire, fire and discipline employees, including Maintenance Technicians at Defendant Entities.

78.     At all relevant times, by virtue of his role as owner and president of the Schipper Group and owner of Defendant Entites, David J. Schipper has had the power to stop any illegal pay practices that harmed Plaintiffs.

79.     At all relevant times, by virtue of his role as owner and president of the Schipper Group and owner of Defendant Entites, David J. Schipper has had the power to transfer the assets and liabilities of the Defendant Entities.

10

80.     At all relevant times, by virtue of his role as owner and president of the Schipper Group and owner of Defendant Entites, David J. Schipper has had the power to declare bankruptcy on behalf of the Defendant entities.

81.     At all relevant times, by virtue of his role as owner and president of the Schipper Group and owner of Defendant Entites, David J. Schipper has had the power to enter into contracts on behalf of each of the Defendant Entities.

82.     At all relevant times, by virtue of his role as owner and president of the Schipper Group and owner of Defendant Entites, David J. Schipper has had the power to close, shut down, and/or sell each of the Defendant Entities.

83.     At all relevant times, by virtue of his role as owner and president of the Schipper Group and owner of Defendant Entites, David J. Schipper had authority over the overall direction of each of the Defendant Entities and was ultimately responsible for their operations.

84.     Defendant Entities function for David J. Schipper's profit.

85.     David J. Schipper has influence over how Defendant Entities can be run more profitably and efficiently.

**Jeffrey L. Reed**

86.     Jeffrey L. Reed is an owner of Waterford Village Apartments, Inc.

87.     Jeffrey L. Reed is an owner of Waterford Village Apartments Limited Partnership.

88.     Jeffrey L. Reed was President of Waterford Village Apartments, Inc. until approximately January 2020.

89.     Jeffrey L. Reed was President of Waterford Village Apartments Limited Partnership until approximately January 2020.

11

90. Jeffrey L. Reed is individually liable to the Plaintiffs under the definitions of "employer" set forth in the FLSA and Ohio Law because he owns and operates Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, and ultimately controls significant aspects of their day-to-day functions, and ultimately controls compensation and reimbursement of employees. 29 U.S.C. § 203(d).

91. At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, Jeffrey L. Reed has had financial control over the operations at Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

92. At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, Jeffrey L. Reed has had a role in significant aspects of the day to day operations at Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

93. At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, Jeffrey L. Reed has had control over the pay policies at Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

94. At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, Jeffrey L. Reed has had power over personnel and payroll decisions at Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, including but not limited to influence over Maintenance Technictian pay.

95. At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, Jeffrey L. Reed has had the power to hire, fire, and discipline employees, including Maintenance Technicians at Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

96. At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, Jeffrey L. Reed has had the power to stop any illegal pay practices that harmed Maintenance Technicians at Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

97. At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, Jeffrey L. Reed has had the power to transfer the assets and liabilities of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

98. At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, Jeffrey L. Reed has had the power to declare bankruptcy on behalf of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

99. At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, Jeffrey L. Reed has had the power to enter into contracts on behalf of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

100. At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, Jeffrey L. Reed

13

has had the power to close, shut down, and/or sell Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

101.    At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, Jeffrey L. Reed has had authority over the overall direction of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership and was responsible for their operations.

102.    Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership function for Jeffrey L. Reed's profit.

103.    Jeffrey L. Reed has or had influence over how Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership can run more profitably and efficiently.

**Brad Cvammen**

104.    Brad Cvammen is an owner of Waterford Village Apartments, Inc.

105.    Brad Cvammen is an owner of Waterford Village Apartments Limited Partnership.

106.    Brad Cvammen is a Vice President of Schipper Group Limited.

107.    Brad Cvammen is and has been President of Waterford Village Apartments, Inc. since approximately January 2020.

108.    Brad Cvammen is individually liable to the Plaintiffs under the definitions of "employer" set forth in the FLSA and Ohio Law because he owns and operates Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, and ultimately controls significant aspects of their day-to-day functions, and ultimately controls compensation and reimbursement of employees.  29 U.S.C. § 203(d).

109.    At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership and as vice president of Schipper Group Limited, Brad Cvammen has had financial control over the operations of Defendant Entities.

110.    At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership and as vice president of Schipper Group Limited, Brad Cvammen has had a role in significant aspects of the day to day operations of Defendant Entites.

111.    At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership and as vice president of Schipper Group Limited, Brad Cvammen has had control over the pay policies of Defendant Entites.

112.    At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership and as vice president of Schipper Group Limited, Brad Cvammen has had power over personnel and payroll decisions at Defendant Entites, including but not limited to influence over Maintenance Technictian pay.

113.    At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership and as vice president of Schipper Group Limited, Brad Cvammen has had the power to hire, fire, and discipline employees, including Maintenance Technicians at Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

114.     At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership and as vice president of Schipper Group Limited, Brad Cvammen has had the power to stop any illegal pay practices that harmed Maintenance Technicians at Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

115.     At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership and as vice president of Schipper Group Limited, Brad Cvammen has had the power to transfer the assets and liabilities of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

116.     At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership and as vice president of Schipper Group Limited, Brad Cvammen has had the power to declare bankruptcy on behalf of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

117.     At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership and as vice president of Schipper Group Limited, Brad Cvammen has had the power to enter into contracts on behalf of Defendant Entities.

118.     At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership, and as vice president of Schipper Group Limited, Brad Cvammen has had the power to close, shut down,

and/or sell Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership.

119.     At all relevant times, by virtue of his role as an owner and president of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership and as vice president of Schipper Group Limited, Brad Cvammen has had authority over the overall direction of Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership and was responsible for their operations.

120.     Waterford Village Apartments, Inc. and Waterford Village Apartments Limited Partnership function for Brad Cvammen's profit.

121.     Brad Cvammen has influence over how Waterford Village Apartments, Inc., Waterford Village Apartments Limited Partnership, and Schipper Group Limited can run more profitably and efficiently.

**Facts**

122.     Plaintiff Matthew McGuire has worked at Defendants' Waterford Village Apartments apartment complex since approximately December 2017.

123.     Plaintiff Michael Cooper has worked at Defendants' Waterford Village Apartments complex since approximately January 2019.

124.     Both Plaintiffs work for Defendants as Maintenance Technicians and have the same job duties. Plaintiffs perfome repairs, maintenance, and upkeep for the facilities and residents at Defendants' Waterford Village Apartments apartment complex.

125.     There are approximately 200 units in the Waterford Village Apartments apartment complex.

17

126.    Plaintiffs are required to work Monday to Friday from 8:30 AM to 5:30 PM.

127.    Plaintiffs' duties include replacing, repairing, and upkeeping lights, locks, drywall, carpets, windows, furnace filters, plubing, and electrical systems as well as other related tasks.

128.    Plaintiffs are responsible at all times for monitoring the weather and clearing snow from walkways, plowing the parking area, and laying salt during the winter.

129.    Plaintiffs are responsible for daily opening, closing, cleaning, and monitoring the chemical balance in the facility's pool.

130.    On a rotating basis, Plaintiffs are required to be on-call for week-long periods where Plaintiffs must respond to emergency calls from residents or related to Waterford Village Apartments facilities 24 hours per day and all seven days of the week. During on-call periods, Plaintiffs are required to respond within 15 to 20 minutes.

131.    Plaintiffs are currently the only two Maintenance Technicians, necessitating they be on-call every other week.

132.    Upon information and belief on-call worktimes are recorded in Defendants' records.

133.    Upon information and belief time worked relating to snow control are recorded in Defendants' records.

134.    Plaintiffs did not keep records of hours worked in excess of 40 hours per week, believing that they were not entitled to overtime pay based on Defendants' representation of the terms of their employment.

135.    During November 2020 Plaintiffs began keeping records of overtime hours worked.

**Causes of Action**

18

**Count 1**
**Failure to Pay Overtime Wages - Fair Labor Standards Act**
**(On Behalf of Plaintiffs against all Defendants)**

136.    Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

137.    Plaintiffs worke more than forty hours in one or more workweeks during their employment with Defendants.

138.    Defendants do not pay Plaintiffs one and a half times their normal hourly rate for time worked in excess of forty hours per workweek, but instead pay them a set weekly payrate no matter how many hours they work.

139.    By not paying Plaintiffs proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

140.    As a result of Defendants' willful violations, Plaintiffs are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**Count 2**
**Damages Pursuant to O.R.C. §2307.60**
**(On Behalf of Plaintiffs against all Defendants)**

141.    Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

142.    During all relevant times, Defendants were employers covered by O.R.C. § 4111.03.

143.    O.R.C. § 4111.03(A) requires Defendants pay Plaintiffs time-and-a-half for all hours worked in excess of forty hours in one workweek.

144.    O.R.C. § 4111.13(C) prohibits an employer from agreeing to pay wages at a rate less than the rate applicable in O.R.C. § 4111.03.

145. Defendants violated O.R.C. § 4111.13(C) and Plaintiffs were injured as a result.

146. Pursuant to O.R.C. § 4111.99(B) violation of O.R.C. 4111.13(C) is a misdemeanor of the third degree.

147. O.R.C. 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and dunitive damages.

148. As a result of Defendant's violations, Plaintiffs are entitled to damages, including, but not limited to, compensatory and punitive damages pursuant to O.R.C. 2307.60.

**Count 3**
**Untimely Payment of Wages – O.R.C. § 4113.15**
**(On Behalf of Plaintiffs against all Defendants)**

149. Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

150. During all relevant times, Defendants were employers covered by O.R.C. § 4113.15.

151. O.R.C. § 4113.15(A), requires that Defendants pay Plaintiffs all wages, or or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the prededing calendar month.

152. Plaintiffs' unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday.

153. In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard for Ohio law.

154. As a result of Defendants' willful violation, Plaintiffs are entitled to unpaid wages and liquidated damages under O.R.C. § 4113.15.

20

**Count 4**
**Unjust Enrichment**
**(On Behalf of Plaintiffs against all Defendants)**

155.    Plaintiffs restate and incorporate the foregoing allegations as if fully rewritten herein.

156.    Plaintiffs have conferred a benefit on Defendants by cultivating a rapport with residents beyond their required maintenance duties.

157.    Plaintiffs have conferred a benefit on Defendants by being available 24 hours a day during week-long on-call periods.

158.    These benefits include, but are not limited to, increased profits and increased business value.

159.    Defendants are aware of and have accepted the benefit conferred on them by Plaintiffs.

160.    It would be unjust for Defendants to be permitted to retain the benefit conferred on them by Plaintiffs without commensurate compensation.

**WHEREFORE**, Plaintiffs Matthew McGuire and Michael Cooper pray for all of the following relief:

A.    Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

B.    A declaratory judgment that the practices complained of herein are unlawful under O.R.C. § 4111.03;

C.    An award of compensatory and punitive damages under O.R.C. § 2307.60;

D.      A declaratory judgment that the practices complained of herein are unlawful under O.R.C. § 4113.15;

E.      An award of unpaid overtime wages due under O.R.C. § 4113.15;

F.      An award of the value of which Defendants were unjustly enriched by work performed by Plaintiffs.

G.      Liquidated damages under O.R.C. § 4113.15;

H.      An award of prejudgment and post-judgment interest;

I.       An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees; and

J.      Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Andrew Kimble*
Andrew R. Biller (Ohio Bar # 0081452)
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

Andrew P. Kimble (Ohio Bar # 0093172)
Riley Edward Kane (Ohio Bar # 0100141) (*pro hac vice forthcoming*)
Philip J. Krzeski (Ohio Bar # 0095713)
BILLER & KIMBLE, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 715-8711
Facsimile: (614) 340-4620

22

*akimble@billerkimble.com*
*rkane@billerkimble.com*
*pkrzeski@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiffs*

## **<u>JURY DEMAND</u>**

Plaintiffs hereby demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

<u>*/s/ Andrew Kimble*          </u>
Andrew Kimble

24